[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14791
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cr-80034-KAM-21

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK DAVIS MOORE, JR.,
a.k.a. Bow Head,
a.k.a. Bodeen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2021)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Moore, Jr., proceeding pro se, appeals the district court's denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by section 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  The district court denied Moore's compassionate-release motion for two reasons: First, it found that Moore has not demonstrated any "extraordinary and compelling" circumstances, pursuant to the criteria listed in Application Note 1 to U.S.S.G. § 1B1.13, that would warrant compassionate release.  Second, it found that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against relief.  On appeal, Moore argues that the district court erred in requiring him to show one of the extraordinary and compelling circumstances in Application Note 1, because Application Note 1 does not limit what the district court can consider when deciding whether to reduce a sentence under § 3582(c)(1)(A).  He also argues that the district court erred in failing to consider the merits of his second motion for compassionate release.

We review for abuse of discretion the district court's denial of a prisoner's § 3582(c)(1)(A) motion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  When an appellant does not "challenge properly

2

on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* We liberally construe briefs by pro se litigants, but issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Moore presents no argument that the district court abused its discretion in finding that the § 3553(a) factors weigh against compassionate release. Because he does not challenge one of the grounds that the district court relied on to decide his motion, we affirm the district court's denial of Moore's compassionate-release motion on that basis and do not reach the § 1B1.13 and merits issues.

**AFFIRMED.**